**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 30, 2022

LETTER TO COUNSEL

    RE: *Jeff H. v. Commissioner, Social Security Administration*
          Civil No. SAG-21-902

Dear Counsel:

    On April 12, 2021, Plaintiff Jeff H., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF No. 1. I have considered the SSA's motion for summary judgment and Plaintiff's responses. ECF Nos. 12, 13, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation. This letter explains my rationale.

    Plaintiff filed his claim for benefits on October 9, 2018, alleging a disability onset date of February 1, 2018. Tr. 228-34. He later amended his disability onset date to October 9, 2018. Tr. 39. His claim was denied initially and on reconsideration. Tr. 161-64, 172-78. On August 21, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31-60. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-30. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the severe impairments of "depression, an anxiety disorder, a somatic disorder, and a substance use disorder." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can perform unskilled work with routine and repetitive tasks requiring no more than standard breaks, occasional public interaction, no frequent changes in the work setting, no frequent changes in the work routine, and no independent planning or setting of goals.

*Jeff H. v. Commissioner, Social Security Administration*
Civil No. SAG-21-902
March 30, 2022
Page 2

Tr. 18. The ALJ determined that Plaintiff was unable to perform past relevant work as a mixing plant dumper, but after considering the testimony of a vocational expert ("VE"), found that Plaintiff could perform other jobs existing in significant numbers in the national economy. Tr. 24-25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings). For the reasons described below, although substantial evidence supports some of the ALJ's decision, the ALJ's analysis was deficient under *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Accordingly, remand is warranted.

The ALJ proceeded in accordance with applicable law at the first two steps of the sequential evaluation. First, the ALJ ruled in Plaintiff's favor at step one, determining that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 14; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented him from working, finding Plaintiff's mental impairments severe but his physical impairments non-severe. Tr. 14-15; *see* 20 C.F.R. § 416.920(a)(4)(ii). The ALJ properly employed the special technique to assess the severity of Plaintiff's mental impairments, finding that Plaintiff had moderate limitations in the four functional areas: 1) understanding, remembering or applying information; 2) interacting with others; 3) concentrating, persisting or maintaining pace; and 4) adapting or managing oneself. Tr. 16-17; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 16-17. In particular, the ALJ identified and considered mental health listings 12.04, 12.06, and 12.07. *Id.* The ALJ properly applied the special technique applicable to mental impairments as discussed above and determined that Plaintiff did not fulfill the requirements of any listing.

The flaw in the ALJ's analysis occurred in the evaluation of Plaintiff's RFC. The Fourth Circuit remanded in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), because the hypothetical the ALJ posed to the vocational expert ("VE")—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace."

*Jeff H. v. Commissioner, Social Security Administration*
Civil No. SAG-21-902
March 30, 2022
Page 3

*Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In this case, the ALJ stated in the discussion of Plaintiff's moderate limitation in concentration, persistence, and pace that Plaintiff "was noted to not pay attention at times to the question during the . . . consultative examination" and the state agency psychological consultant found Plaintiff to have a moderate limitation in this area, although Plaintiff's attention span and concentration were noted to be normal during a nurse practitioner visit. Tr. 16-17. Yet, the only RFC provision specifically targeted toward Plaintiff's ability to persist and stay on task is the statement that Plaintiff requires "no more than standard breaks." Tr. 18. Standard breaks are encompassed within a normal workday, however, and are not specific limitations designed to address Plaintiff's particular persistence issues. The ALJ failed to provide any explanation to reconcile the finding of moderate limitations in concentration, persistence, or pace with the finding that Plaintiff could adhere to a normal schedule of maintaining concentration throughout a workday. The state agency consultant opined that Plaintiff "requires entry level work with simple repetitive 1-2 step procedures; no frequent changes in work routines; no requirements for detailed or complex problem solving, independent planning, or setting of goals. [Plaintiff] can work in an object oriented, supportive and routine environment with limited contact with the general public." Tr. 141. This opinion also fails to explain how Plaintiff would maintain concentration, persistence, and pace throughout the workday.[1] That explanation is precisely what *Mascio* requires in a situation, like this one, where the RFC assessment does not contain restrictions to address a plaintiff's limitation in sustained concentration. Accordingly, remand is warranted to allow the ALJ to comply with the Fourth Circuit's mandate in *Mascio*.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 13, is DENIED, and the case is remanded to the SSA for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] I also note that the ALJ stated in her review of the state agency consultant's opinion that "the evidence supports all moderate limitations in the 'paragraph B' criteria along with corresponding mental residual functional capacity findings, as opined by [the state agency consultant." Tr. 22. However, the ALJ failed to include all of the restrictions listed by the state agency consultant in Plaintiff's RFC.